32570:PVR:bms                                              Attorney No. 41535

FILED DATE: 1/22/2019 6:13 PM    2019L000796

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED
1/22/2019 6:13 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

| | |
|---|---|
| TILLIE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) No.  2019L000796 |
| | ) |
| | ) Amount: In Excess of Fifty Thousand |
| vs. | ) Dollars ($50,000.00) Plus the Costs of |
| | ) This Suit. |
| | ) |
| TONY LEE DAVIS, and FEDERAL | ) |
| EXPRESS CORPORATION, a foreign entity, | ) |
| | ) Return Date: |
| Defendants. | ) |
| | ) |

## COMPLAINT

NOW COMES the Plaintiff, TILLIE JOHNSON, by and through her attorneys, THE VRDOLYAK LAW GROUP, LLC and complaining of the Defendants, TONY LEE DAVIS, and FEDERAL EXPRESS CORPORATION, a foreign entity, states as follows:

### COUNT I – TILLIE JOHNSON v. TONY LEE DAVIS

1. That on or about February 4, 2017, and at all relevant times herein, the Defendant, TONY LEE DAVIS, operated, maintained, drove, and/or otherwise controlled a motor vehicle, traveling in a generally westbound direction on U.S. Route 30, at or near its intersection with S. Cicero Avenue, City of Matteson, Cook County, Illinois.

2. That at the aforesaid time and place, and at all relevant times herein, Plaintiff, TILLIE JOHNSON, owned, operated, maintained, drove, and/or otherwise controlled a motor vehicle, traveling in a generally westbound direction on U.S. Route 30, at or near its intersection with S. Cicero Avenue, City of Matteson, Cook County, Illinois.

EXHIBIT 1

3. That at the aforesaid time and place, and at all relevant times herein, Defendant, TONY LEE DAVIS, did then and there drive said motor vehicle into a violent collision with the Plaintiff, TILLIE JOHNSON.

4. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place.

5. At the aforesaid time and place and at all relevant times herein, the Defendant, TONY LEE DAVIS, owed a duty to the Plaintiff, and to the public generally, to exercise due and proper care and caution in the operation of the said motor vehicle.

6. That at the aforesaid time and place and all relevant times herein, the Defendant, TONY LEE DAVIS, breached the aforesaid duty to the Plaintiff through one or more of the following negligent and careless acts and/or omissions:

    (a) operated, controlled, and drove said motor vehicle into collision with Plaintiff;

    (b) failed to keep said motor vehicle under proper and sufficient control;

    (c) operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

    (d) operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

    (e) failed to decrease speed so as to avoid colliding with Plaintiff in violation of 625 ILCS 5/11-601;

    (f) failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

7. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, TONY LEE DAVIS, Plaintiff, TILLIE JOHNSON, suffered injuries

and damages of a personal, pecuniary and permanent nature.

WHEREFORE, Plaintiff, TILLIE JOHNSON, demands judgment against the Defendant, TONY LEE DAVIS, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

### COUNT II – TILLIE JOHNSON v. FEDERAL EXPRESS CORPORATION

1. That on or about February 4, 2017, and at all relevant times herein, the Defendant, FEDERAL EXPRESS CORPORATION, was duly organized and licensed to do business under the laws of the State of Illinois.

2. That on or about February 4, 2017, Tony Lee Davis, an authorized agent and/or ostensible agent of the Defendant, FEDERAL EXPRESS CORPORATION, operated, controlled and drove a motor vehicle, traveling in a generally westbound direction on U.S. Route 30, at or near its intersection with S. Cicero Avenue, City of Matteson, Cook County, Illinois.

3. That at the aforesaid time and place, and at all relevant times herein, the Defendant, FEDERAL EXPRESS CORPORATION, owned and maintained said motor vehicle then and there operated, controlled and driven by said authorized and/or ostensible agent of the Defendant, Tony Lee Davis.

4. That at the aforesaid time and place, and at all relevant times herein, said ostensible agent of the Defendant, Tony Lee Davis, operated, controlled and drove said motor vehicle with the knowledge, consent and express and/or implied permission of the Defendant, FEDERAL EXPRESS CORPORATION.

5. That at aforesaid time and place, and all relevant times herein, said authorized and/or ostensible agent of the Defendant, Tony Lee Davis, operated, controlled and drove said motor vehicle within the permission of the Defendant, FEDERAL EXPRESS CORPORATION.

FILED DATE: 1/22/2019 6:13 PM 2019L000796

6. That at aforesaid time and place, and all relevant times herein, the Defendant, FEDERAL EXPRESS CORPORATION, had a right of control over said authorized and/or ostensible agent, Tony Lee Davis, in operation of aforesaid motor vehicle.

7. That at aforesaid time and place, and all relevant times herein, said authorized agent of the Defendant, Tony Lee Davis, was conducting himself in such a manner as to cause members of the general public, including the Plaintiff, TILLIE JOHNSON, to believe that he was an authorized agent of the Defendant, FEDERAL EXPRESS CORPORATION.

8. That at the aforesaid time and place and all relevant times herein the Plaintiff, TILLE JOHNSON, owned, operated, maintained, drove, and/or otherwise controlled a motor vehicle, traveling in a generally westbound direction on U.S. Route 30, at or near its intersection with S. Cicero Avenue, City of Matteson, Cook County, Illinois.

9. That at the aforesaid time and place, the authorized agent of the Defendant, FEDERAL EXPRESS CORPORATION, as owner and principal through its agent, said ostensible agent, Tony Lee Davis, did then and there drive said motor vehicle into violent collision with the Plaintiff, TILLE JOHNSON.

10. That at all relevant times herein, the Plaintiff, TILLIE JOHNSON, was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place.

11. That the aforesaid time and place, the Defendant, FEDERAL EXPRESS CORPORATION, owed a duty to the Plaintiff, TILLIE JOHNSON, and to the public generally to exercise due and proper care and caution in the operation of said motor vehicle.

FILED DATE: 1/22/2019 6:13 PM  2019L000796

12. That at the aforesaid time and place, the Defendant, FEDERAL EXPRESS CORPORATION, as owner and principal through its agent, said authorized and/or ostensible agent, Tony Lee Davis, breached the aforesaid duty to the Plaintiff, TILLIE JOHNSON, through one or more of the following negligent and careless acts and/or omissions:

(a) operated, controlled, and drove said motor vehicle into collision with Plaintiff;

(b) failed to keep said motor vehicle under proper and sufficient control;

(c) operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

(d) operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

(e) failed to decrease speed so as to avoid colliding with Plaintiff in violation of 625 ILCS 5/11-601;

(f) failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

13. As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, FEDERAL EXPRESS CORPORATION, the Plaintiff, TILLIE JOHNSON, suffered injuries and damages, of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, TILLIE JOHNSON, demands judgment against the Defendant, FEDERAL EXPRESS CORPORATION, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

*[signature]*
Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC**
By: Paul V. Richardson, Esq.
741 N Dearborn Street
Chicago, IL 60654
(312) 482-8200

5

FILED DATE: 1/22/2019 6:13 PM 2019L000796

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| TILLIE JOHNSON, ) | |
| ) | |
| ) | No. |
| Plaintiff, ) | |
| ) | |
| ) | Amount: In Excess of Fifty Thousand |
| vs. ) | Dollars ($50,000.00) Plus the Costs of |
| ) | This Suit. |
| ) | |
| TONY LEE DAVIS, and FEDERAL ) | |
| EXPRESS CORPORATION, a foreign entity, ) | |
| ) | Return Date: |
| Defendants. ) | |
| ) | |

## AFFIDAVIT PURSUANT TO RULE 222(b)

I, Paul V. Richardson, attorney for the Plaintiff, TILLIE JOHNSON, states that the damages sought in this matter are greater than Fifty Thousand ($50,000.00) Dollars.

Under penalties as provide by the law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

_____
Attorney for Plaintiff

THE VRDOLYAK LAW GROUP, LLC #41535
By: Paul V. Richardson, Esq.
741 N Dearborn Street
Chicago, IL 60654
(312) 482-8200

6

FILED DATE: 1/22/2019 6:13 PM 2019L000796

RULE 222 (b) AFFIDAVIT

I, the undersigned, am the Plaintiff in this case and under penalties provided by the law pursuant to section 1-109 of the Code of Civil procedure certify that the damages sought in this lawsuit does/does not exceed Fifty Thousand Dollars ($50,000.00)

X _____